IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT MIMS, as guardian ad litem for ALFRED FLANIGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>    Defendants | No. C-09-2052 MMC<br><br>**ORDER GRANTING PETITION FOR APPROVAL OF COMPROMISE OF DISPUTED CLAIM; SETTING APRIL 9, 2010 STATUS CONFERENCE; VACATING ALL OTHER DATES AND DEADLINES** |

      Before the Court is plaintiff Herbert Mims's ("Mims") "Petition for Approval of Compromise of Disputed Claim" ("Petition"), filed February 12, 2010.

      By order filed May 13, 2009, the Court appointed Mims to serve as guardian at litem for the purpose of alleging herein claims on behalf of Alfred Flanigan ("Flanigan").[1]  On December 8, 2009, the parties attended a mediation conducted by the court-appointed mediator and reached a settlement of the claims brought on behalf of Flanigan.  By the instant Petition, Mims seeks court approval of the settlement, the terms of which are as follows:  (1) defendant City of Leandro will pay the total sum of $36,000 to settle the claims brought on behalf of Flanigan; (2) San Leandro police officers will take Flanagan for a ride

---

[1] Flanigan is "severally mentally handicapped and not competent to represent himself."  (See Petition ¶ 1.)

in a patrol car; and (3) San Leandro Police Department will visit the Arc of Alameda in order to familiarize themselves with the mentally handicapped persons that it serves.  (See Petition ¶ 4.)

Having read and considered the Petition and having reviewed the file in this matter, the Court hereby GRANTS the petition, as follows:

1. In light of the nature of the injuries incurred, as described by Mims in the Petition, the Court finds the terms of the settlement are fair and reasonable, and that the settlement is in the best interests of Flanigan.

2. The amount of attorneys fees sought, specifically, $12,000, and the amount of expenses claimed, specifically, $390, are reasonable.  Accordingly, the sum of $12,390 shall be paid from the settlement amount to the Law Offices of John Burris.  See Cal. Prob. Code § 3601(a) (providing court approving compromise of disabled person's claim "shall make a further order authorizing and directing that reasonable expenses . . . and attorney's fees . . . be paid from the money . . . to be paid or delivered for the benefit of the . . . person with a disability").[2]

3. In accordance with § 3611(b) of the California Probate Code, Mims is directed to deposit the remaining balance of the sum to be paid by the City of San Leandro, specifically, $23,610, "in an insured account in a financial institution in this state, . . . subject to withdrawal only upon the authorization of the court," see Cal. Prob. Code § 3611(b),[3] said account to be in Flanigan's name, with Mims as custodian.  Upon deposit of the sum of $23,610, Mims shall file with the Court a completed "Receipt and

---

[2] The claims alleged herein are brought pursuant to 42 U.S.C. § 1983.  Where, in a case brought thereunder, federal law does not provide a rule of decision, state law not inconsistent with federal law applies.  See 42 U.S.C. § 1988.  The provisions of the California Probate Code applicable to the approval of the compromise of a claim brought on behalf of a disabled person are not inconsistent with federal law, and, accordingly, apply herein.  See, e.g., Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 668-69 (E.D. Pa. 2000) (applying state law to determine whether settlement of claim under § 1983 was in best interests of minor).

[3] The Petition is silent as to whom such remaining balance is to be paid and as to how it will be maintained for the benefit of Flanigan.

2

Acknowledgment of Order for the Deposit of Money into Blocked Account" ("Receipt").  See California Judicial Council Form MC-356.

       4. A Status Conference with respect to the deposit of the above-referenced remaining balance is hereby set for April 9, 2010, at 10:30 a.m.  No appearance is necessary, and the Status Conference will stand vacated without further order of the Court, if a completed Receipt is filed on or before April 2, 2010.  If a Receipt has not been filed on or before April 2, 2010, Sims shall file, no later than April 2, 2010, a Status Conference Statement, indicating therein the reason(s) why the Receipt has not been filed.

       5. All other remaining dates and deadlines, including the November 8, 2010 trial date, are hereby VACATED.

**IT IS SO ORDERED.**

Dated:  February 26, 2010

MAXINE M. CHESNEY  
United States District Judge